UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW HAMPSHIRE

United States of America

     v.                              Criminal No. 08-cr-19-01-SM

Anthony Seward


                              **O R D E R**


     On September 14, 2011, defendant appeared for a preliminary

hearing under Fed. R. Crim. P. 32.1 on three alleged violations

of conditions of supervision, as charged in the government's

petition dated July 15, 2011 (doc. no. 106).  Defendant is on

release from his 2010 conviction for Possession with Intent to

Distribute Cocaine Base ("Crack") in violation of 21 U.S.C. §

841(a)(1).

     At the preliminary hearing, the following three witnesses

testified for the government:  (1) U.S. Probation Officer Matt

DiCarlo, (2) U.S. Probation Officer Daniel Gildea, and (3)

Officer Daniel Doherty of the Manchester Police Department.  The

government did not call the alleged victim (Sandra Alicia) as a

witness, but instead introduced her hearsay statements through

the testimony of Officers Gildea and Doherty.  Defendant

objected to the introduction of her statements on grounds of

hearsay and sought the opportunity, pursuant to Rule

32.1(b)(1)(B)(iii), to confront and cross-examine Ms. Alicia.  At

the close of the government's case, the court ruled orally from

the bench that the "interest of justice" did not require the government to produce Ms. Alicia for cross-examination. The court incorporates it oral ruling herein, and for the reasons stated on the record, allowed the hearsay testimony.[1]

Following the hearing, the court issued its findings orally from the bench that the government's evidence established probable cause that defendant had violated all three conditions, as charged in the petition. Those findings are incorporated herein.

---

[1] In addition to its confrontation argument, the defendant urged the court not to allow the alleged victim's hearsay statements on the basis of assertions made by the government at defendant's initial appearance before Magistrate Judge Lynch on September 9, 2011 ("September 9 hearing"). The court has reviewed a recording of the September 9 hearing. At that hearing, the government argued that it needed a continuance to procure the attendance of two witnesses to testify at the preliminary hearing: Officer Doherty and the alleged victim. Later in the September 9 hearing, however, the government indicated that it was prepared to go forward without those two witnesses. Defendant elected to agree to a three-day continuance to give the government time to procure the two witnesses. According to defense counsel's offer of proof, the government notified him on Monday, September 12, two days before this hearing, that it did not intend to call the alleged victim as a witness. The government did, as it stated at the September 9 hearing, procure Officer Doherty's presence for this hearing. While it appears that defendant relied on the government's assertion at the September 9 hearing (i.e., that it intended to call the alleged victim as a witness at the preliminary), there is nothing in the record to support a finding that the assertion was designed to "trick" or persuade the defendant into agreeing to the three-day continuance. Indeed, the continuance allowed defendant the opportunity to confront and cross-examine Officer Doherty. Thus, the court finds that the facts surrounding the continuance do not alter its "interest of justice" analysis under Rule 32.1(b)(1)(B)(iii).

Defendant sought release under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community. The court issued its ruling orally from the bench. The court incorporates its oral ruling herein, and for the reasons stated on the record, finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

The defendant is further **ORDERED** to have no contact, either direct or indirect, with Sandra Alicia or Charlene Stewart during the pendency of his revocation hearing.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: September 16, 2011

cc: Michael Ramsdell, Esq.
    Debra M. Walsh, Esq.
    Donald A. Feith, Esq.
    U.S. Marshal
    U.S. Probation